13-4580-cr (L)
*United States v. Hall*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand and fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> PAUL A. ENGELMAYER,[*]
> > *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

     *Appellee,*

     -v.-                  Nos.    13-4580-cr (Lead)
                                       13-4619 (CON)

CLYDE MALCOLM HALL, JR.,

     *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Molly K. Corbett, Gene Primomo, *for* Lisa A. Peebles, Federal Public Defender, Northern District of New York, Albany, NY.. |
| **FOR APPELLEE:** | Rajit S. Dosanjh, Edward P. Grogan, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the |

---

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Northern District of New York, Syracuse, NY.

Appeal from the December 4, 2013, judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Clyde Hall appeals the judgment of the District Court insofar as it imposed a sentence of 25 years' supervised release after a plea of guilty to violating the conditions of his prior supervised release. Hall contends that the term of supervised release imposed by the District Court was procedurally and substantively unreasonable.

## BACKGROUND

In 2000, Hall was sentenced for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In 2007, Hall pleaded guilty to failure to register as a sex offender in violation of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a)(1). For that SORNA offense, he was sentenced to 25 months' imprisonment and 25 years' supervised release. (He was simultaneously sentenced for a violation of a prior supervised release, and sentenced to seven months' imprisonment.) It is the supervised release from this SORNA offense that Hall pleaded guilty to violating in this case. *See generally United States v. Hall*, 664 F.3d 456, 459–61 (4th Cir. 2012) (providing a more complete history of Hall's prior criminal history).

In March 2012, the Probation Office petitioned for a warrant, alleging that Hall had failed to report to his probation officer and had failed to report to his placement in a halfway house. After he was apprehended in October 2013, Hall pleaded guilty to both violations.

At the sentencing hearing, the District Court stated that although the advisory Guidelines range was six to 12 months' imprisonment, it would impose an above-Guidelines sentence of 24 months' imprisonment. The District Court also imposed a term of 25 years of supervised release.

## DISCUSSION

"Criminal sentences are generally reviewed for reasonableness, which requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Chu,* 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). We review a sentence imposed for violating a condition of supervised release under "the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

2

## A. "Procedural Unreasonableness"

We have explained that "[a] district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson,* 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Because Hall did not object at sentencing to the District Court's alleged procedural errors, we review his procedural challenge for "plain error." *United States v. Rubin*, 743 F.3d 31, 39 (2d Cir. 2014); *see Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining "plain error" review).

Hall contends that the 25-year term of supervised release was procedurally unreasonable because the District Court incorrectly determined that the SORNA offense was a "sex offense" within the meaning of U.S.S.G. § 5D1.2(b)(2), which permits a term of supervised release of up to life. He also contends that the District Court imposed a term of supervised release that was "greater than that allowed" by the Guidelines. Appellant Br. 10.

As to Hall's first argument, it is without merit. Nothing in the record suggests that the District Court erroneously believed that SORNA was a "sex offense" for Guidelines purposes.

Hall's second claim also fails. Where, as here, a defendant violates the conditions of a term of supervised release, 18 U.S.C. §§ 3583(e)(3) and (h) authorize a district court to revoke the original term of supervised release and impose a term of imprisonment to be followed by a new term of supervised release. The length of the new term of supervised release "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* Thus, here, Hall's *new* term of supervised release could be as long as a life term, because 18 U.S.C. § 3583(k) authorizes a term of supervised release of between five years and life for SORNA violations.[1] The Guidelines provide no minimum length for such a new term of supervise release. *See* U.S.S.G. § 7B1.3(g)(2).

At sentencing, the District Court stated its reasons for the sentence, which included "noncompliance during supervision" and "a danger that [Hall] continue[s] to present to the community." Def. App'x 62. During the sentencing hearing and in the District Court's written statement of reasons, it also expressed concern at the danger posed by Hall's having been in the

---

[1] The statute reads in relevant part: "Notwithstanding subsection (b), the authorized term of supervised release . . . for any offense under section . . . 2250 . . . is any term of years not less than 5, or life." 18 U.S.C. § 3583(k).

community for approximately 18 months without supervision while in violation of his conditions of supervised release.  *See id.* at 61, 66.[2]

Where, as here, a defendant is being sentenced for a violation of supervised release, a district court's duty to explain its sentence is not onerous:  We have held that where "'a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's [supervised release] term need not be as specific as has been required when courts departed from *guidelines* that were, before *Booker*, considered to be mandatory.'"  *United States v. Verkhoglyad*, 516 F.3d 122, 132–33 (2d Cir. 2008) (quoting *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005)); *see also United States v. Hargrove*, 497 F.3d 256, 260–61 (2d Cir. 2007) ("We have drawn a sharp divide between initial sentencing and the revocation of supervised release with respect to the protections and safeguards available to the individual.").

Given a range of up to a lifetime of supervised release and the District Court's explanation for its sentence, we do not conclude that the 25-year term imposed constituted plain error.

### B.  "Substantive Unreasonableness"

"We review a sentence for . . . substantive reasonableness under a 'deferential abuse-of-discretion standard.'"  *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall*, 552 U.S. at 41).[3]  As we have explained, a district court is said to err "substantively" only in exceptional cases, "where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190.  In conducting this review, "we may take the degree of variance into account and consider the extent of a deviation from the Guidelines. . . . A major departure should be supported by a more significant justification than a minor one." *Thavaraja*, 740 F.3d at 259 (alteration in original) (internal quotation marks omitted).  *See generally United States v. Park*, 758 F.3d 193, 199–202 (2d Cir. 2014) (explaining substantive unreasonableness).

---

[2] We are somewhat concerned that the District Court did not expressly state that Hall faced up to a lifetime of supervised release and that the record on appeal contains no violation worksheet from the Probation Office that calculates the Guidelines range for the term of supervised release.  But we find no plain error.  As a general matter, we presume "that a sentencing judge has faithfully discharged her duty to consider the statutory factors [including the Guidelines range]."  *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006).  This presumption applies even if a district court does not reference the sentencing range.  *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008).

[3] We have not yet had occasion to decide "whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *Thavaraja*, 740 F.3d at 258 n.4.  Although Hall did not object to the substantive reasonableness of his sentence in the District Court, we assume for the sake of this appeal that abuse-of-discretion review applies. *See Verkhoglyad*, 516 F.3d at 134.

Here, there was no deviation from the Guidelines, which provided for up to a lifetime term of supervised release. Nor was the term imposed here any longer than that already imposed on Hall for his violation of SORNA. Considering the totality of the circumstances and Hall's extensive history of violating his supervised release, we cannot conclude that his sentence constitutes a "manifest injustice," "shock[s] the conscience," or is in any other way substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 123–24 (2d Cir. 2009).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, dated December 4, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5