15-1078-cr
United States v. LaMere

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:  JOHN M. WALKER, JR.,
               REENA RAGGI,
               PETER W. HALL,
                    *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
               *Appellee*,

      v.                                     No. 15-1078-cr

JAMIE LAMERE,
               *Defendant-Appellant.*
-----------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | George E. Baird, Assistant Federal Public Defender, Molly Corbett, Research and Writing Specialist, *for* Lisa Peebles, Federal Public Defender, Albany, New York. |
| FOR APPELLEE: | Edward Grogan, Michael D. Gadarian, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 24, 2015, is AFFIRMED.

Defendant Jamie LaMere, who was sentenced in 2009 to 17 months' imprisonment and a 5 year term of supervised release for failing to update his registration as a sex offender, see 18 U.S.C. § 2250(a), now appeals from a sentence of 12 months' imprisonment and a 10-year term of supervised release imposed in 2015 following revocation of supervision. LaMere contends that the sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Error

LaMere submits that the district court committed procedural error in failing (1) adequately to explain its reasons for the sentence imposed, and (2) to state on the record the Guidelines range for his term of supervised release. Because LaMere did not raise these objections in the district court, we review only for plain error. See United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir. 2007); see also United States v. Marcus, 560 U.S. 258, 262 (2010) (stating that plain error requires showing of (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question fairness, integrity, or public reputation of judicial proceedings). LaMere's challenge fails at the first step of analysis.

The district court, "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If "the sentence

2

concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012). Here, the district court provided a sufficient explanation for the challenged sentence by noting during the revocation hearing the importance of supervision for § 2250 crimes; and LaMere's prior supervision violation in 2012, for which he was sentenced to 6 months' imprisonment and 54 months' supervised release. Further, while acknowledging the medical issues that contributed to LaMere's second violation, the court stated that "the bottom line" was that LaMere was "not doin[g] well under supervision, which is the entire purpose in this case." App'x 91; see also id. at 36–37 (petition stating that LaMere failed to report to probation as directed, to comply with drug testing program on various occasions, and to comply with sex offender treatment on several occasions). Thus, the district court explained that the sentence imposed was based on LaMere's "failures while under supervision," and that it "escalate[d] the term of supervised release for the reasons . . . articulated." Id. at 91–92. This was sufficient to satisfy 18 U.S.C. § 3553(c).

In urging otherwise, LaMere argues that the district court's imposition of an above-Guidelines sentence required a written statement of reasons. See United States v. Aldeen, 792 F.3d 247, 252 & n.4 (2d Cir. 2015). That argument fails because the 12-month sentence and 10-year term of supervision are consistent with the applicable Guidelines policy statements. See U.S.S.G. § 7B1.4(a) (providing Guidelines range of 6 to 12 months' imprisonment); id. § 7B1.3(g)(2) (providing that upon revocation, court may impose new term of supervision that "shall not exceed the term of supervised release

3

authorized by statute for" underlying offense); see also 18 U.S.C. § 3583(k) (authorizing up to lifetime supervision for § 2250 conviction). LaMere contends that the applicable Guidelines provide for only a 5-year term of supervised release. See U.S.S.G. § 5D1.2. But where, as here, the court imposes a new term of supervision after revocation of supervised release, the policy statement in U.S.S.G. § 7B1.3(g)(2) controls, and that provision references neither § 5D1.2 nor a recommended minimum term of supervised release. See United States v. Hall, 579 F. App'x 29, 31–32 (2d Cir. 2014) (explaining that, under § 7B1.3(g)(2), imposition of 25-year term of supervised release upon revocation of supervision was not a "deviation from the Guidelines" where underlying offense was § 2250 conviction); cf. U.S.S.G. § 7B1.3(g)(1) (providing that upon revocation of probation, "provisions of §§ 5D1.1–1.3 shall apply to the imposition of a term of supervised release"). Accordingly, the district court's oral explanation of its sentence was sufficient. See United States v. Cassesse, 685 F.3d at 192.[1]

Nor do we identify error in the district court's failure explicitly to reference the sentencing range for LaMere's supervision. The violation worksheet accurately stated that, pursuant to 18 U.S.C. § 3583(k) and U.S.S.G. § 7B1.3(g)(2), LaMere faced a term

---

[1] United States v. Aldeen, 792 F.3d 247 (2d Cir. 2015), and United States v. Sindima, 488 F.3d 81 (2d Cir. 2007), on which LaMere relies, warrant no different conclusion because, in both cases, the district court imposed an above-Guidelines sentence of imprisonment upon revocation of supervised release or probation. See United States v. Aldeen, 792 F.3d at 253 (concluding that district court failed adequately to explain in open court and in written statement reasons for imposing "substantially above-Guidelines sentence"); United States v. Sindima, 488 F.3d at 86–88 (concluding that district court failed to provide sufficiently compelling reasons for prison sentence that was 26 months greater than 10-month high end of Guidelines range). That is not this case.

4

of supervised release between five years to life, and absent contrary evidence, which is lacking here, we presume that the district court considered this range as required by 18 U.S.C. § 3553(a)(4)(B). See United States v. Verkhoglyad, 516 F.3d 122, 129–31 (2d Cir. 2008).

Thus, LaMere's procedural challenge fails.

2. Substantive Reasonableness

In arguing that his sentence is substantively unreasonable, LaMere bears a heavy burden because we review the substantive reasonableness of a sentence under a "particularly deferential" abuse-of-discretion standard. United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012).[2] Indeed, we will set aside a sentence as substantively unreasonable "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted); see United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009) (explaining that substantive reasonableness review "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law"). That is not this case.

---

[2] Although LaMere did not raise his substantive challenge to the district court, we have not yet decided whether plain error review applies to such an unpreserved challenge. See United States v. Thavaraja, 740 F.3d 253, 258 n.4 (2d Cir. 2014). We need not here decide that question because, regardless of the standard of review, LaMere's challenge fails on the merits.

5

As already discussed, the challenged sentence did not deviate from the Guidelines, which provided for a 6-to-12-month term of imprisonment and up to lifetime supervised release. See U.S.S.G. §§ 7B1.3(g)(2), 7B1.4(a). "[A]lthough we do not presume that a within-Guidelines sentence is substantively reasonable, in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Wagner-Dano, 679 F.3d 83, 95 (2d Cir. 2012) (internal quotation marks and citation omitted). Nothing in the record of this case warrants a different conclusion. After considering the mitigating circumstances raised by LaMere, the district court nonetheless concluded that his "failures while under supervision" required an "escalate[d]" sentence. App'x 91–92. LaMere's repeated violations of supervised release and the fact that he violated various conditions of his supervision in 2014 supported that assessment. Under these circumstances, we cannot conclude that LaMere's sentence was substantively unreasonable. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing broad range of sentences that can be considered substantively reasonable).

3.    Conclusion

We have considered LaMere's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6