*United States v. Feagins*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of December, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.
*Circuit Judges*.

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                No. 18-3634

DARNELL FEAGINS,

*Defendant-Appellant*.

For Defendant-Appellant:        B. ALAN SEIDLER, New York, NY.

For Appellee:                   CECILIA E. VOGEL, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Darnell Feagins appeals from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) sentencing him, after his admission to four violations of the conditions of supervised release, to 24 months' imprisonment and a lifetime term of supervised release. We assume the parties' familiarity with the factual background of this case and the issues on appeal.

In September 2011, New York State authorities charged Feagins in connection with an alleged sexual assault of a minor child. In January 2012, Feagins pleaded guilty in the Supreme Court of New York, Kings County to one count each of endangering the welfare of a child, N.Y. PENAL L. § 260.10(01), and criminal sexual act, N.Y. PENAL L. § 130.45. After serving a term of incarceration, Feagins absconded from state parole to Georgia, where he was eventually indicted by the United States Attorney there for failure to register as a sex offender as required by the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). Feagins pleaded guilty to that offense in the United States District Court for the Middle District of Georgia and was sentenced to 27 months' imprisonment to be followed by a five-year term of supervised release. After serving that prison sentence, Feagins moved to the Bronx and jurisdiction over his supervision was transferred to the Southern District of New York.

On July 12, 2018, the district court arraigned Feagins on twenty-two alleged violations of supervised release. The alleged violations related to incidents in which Feagins allegedly forced a female victim to perform oral sex on him, filmed her in the act of doing so, distributed that

video to other people, threatened and assaulted her, stalked her, and sent harassing messages. Feagins eventually admitted to four of the twenty-two violations; those four involved sending harassing messages to Feagins' victim, filming her performing oral sex on him without her knowledge, and distributing that surreptitiously made video to her spouse and family members without her consent.

The district court revoked Feagins' supervised release, imposed a prison term of 24 months, and ordered Feagins placed on supervised release for life following imprisonment, even though the probation office had recommended only an additional five-year term of supervision.

On appeal, Feagins challenges only the district court's imposition of a lifetime term of supervised release. We review sentences for violations of supervised release under the same reasonableness standard as sentences generally. *See United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam). This "deferential abuse-of-discretion standard . . . encompasses two components: procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).[1]

Feagins raises a handful of cursory arguments that we can swiftly reject. First, Feagins criticizes the district court for failing to discuss his original PSR in explaining his sentence. To the contrary, however, the district court said on the record that it had "reviewed the materials from the Middle District of Georgia related to the initial sentencing" in preparation for the sentencing hearing. Joint App'x 20. Feagins also criticizes the district court for failing to provide a written statement of the reasons why it imposed a lifetime term of supervised release. But because a lifetime term of supervised release was within the range of sentences contemplated by the Guidelines policy statements for these violations, no written statement of reasons was

---

[1] Unless otherwise indicated, in quoting cases, all citations, alterations, emphases, and internal quotation marks are omitted.

3

required; the district court's oral statement of reasons at sentencing was sufficient. *See United States v. Lamere*, 640 F. App'x 112, 114 (2d Cir. 2016). Feagins also argues that the district court's explanation that it was imposing lifetime supervision "because . . . the consequences here are too great if [Feagins is] left unsupervised" is insufficient to permit meaningful appellate review. This, too, is wrong: the district court's comment indicates that it imposed lifetime supervision "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), which is a permissible factor to consider in this context, *see id.* § 3583(c).

In short, we find no reason to doubt that the district court considered the relevant factors and, we conclude, the district court adequately explained its decision in light of those factors. Nor can we conclude, as a matter of substantive reasonableness, that the district court's chosen sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

We acknowledge, of course, that "[a] lifetime of supervised release is an extreme and unusual remedy," *Brooks*, 889 F.3d at 101, and we note with approval that the district court expressed openness to a future motion to modify or reduce the term of supervision if Feagins could demonstrate "some real signs of turnaround," Joint App'x 37-38. In the circumstances of this case, however, Feagins has offered no basis to conclude that the district court erred in choosing or explaining the sentence it imposed.

We have considered Feagins' remaining contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4