20-2661-cr
*United States v. Brunner*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:     PIERRE N. LEVAL,
                 JOSÉ A. CABRANES,
                 ROSEMARY S. POOLER,
                       *Circuit Judges.*

---

UNITED STATES OF AMERICA,

           *Appellee,*                      20-2661-cr

           v.

KENNETH BRUNNER, AKA SEALED DEFENDANT,

           *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Antoinette T. Bacon, Acting United States Attorney (Lisa Fletcher, Alexander Wentworth-Ping, Assistant United States Attorneys, *on the brief*) Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | Lisa A. Peebles, Federal Public Defender (Melissa A Tuohey, Assistant Federal Defender, *on the brief*), Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-Appellant Kenneth Brunner ("Brunner") appeals from a judgment for revocation of supervised release and his sentencing to a new five-year term of supervised release, entered July 30, 2020. Brunner was convicted in 2011 of failing to register under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a), and initially sentenced to six months' imprisonment and five years' supervised release. Since then, his supervised release has been revoked four times, with the most recent revocation leading to the sentence he now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Brunner challenges both the imposition of a fifth term of supervised release as substantively unreasonable and the imposition of Special Conditions Nos. 2 and 3 as imposed in violation of 18 U.S.C. § 3583(d). Brunner acknowledges that these two challenges are raised for the first time on appeal, and we therefore review them for plain error. *United States v. Villafuerte,* 502 F.3d 204, 207 (2d Cir. 2007) ("[I]ssues not raised in the trial court . . . including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error."); *United States v. Dupes*, 513 F.3d 338, 343 n.2 (2d Cir. 2008) (review for plain error following defendant's failure to object below to known conditions of supervised release).

Brunner argues his sentence is substantively unreasonable because it "cannot be located within the range of permissible decisions." Appellant's Br. 34. But a period of supervised release was clearly within the range of permissible sentences available to the District Court. For Brunner's original offense, the Guidelines authorized a term of supervised release of five years to life. 18 U.S.C. § 3583(k). The Guidelines thus also authorized a term of supervised release, following revocation, of five years to life. 18 U.S.C. § 3583(h). *See also United States v. Leon*, 663 F.3d 552, 554–55 (2d Cir. 2011) (a post-revocation term of supervised release need not give credit for supervised release time previously served). An additional term of supervised release was therefore not substantively unreasonable in this case, much less a five-year term that fell well below the maximum duration—life—permitted by the Guidelines. *See United States v. Hall*, 579 F. App'x 29, 32 (2d Cir. 2014) (summary order) (term of supervised release not substantively unreasonable where "there was no deviation from the Guidelines, which provided for up to a lifetime term of supervised release . . . [n]or was the term imposed . . . any longer than that already imposed on [defendant] for his violation of SORNA").

Brunner also argues that an additional term of supervised release "no longer serves the rehabilitative purpose of supervised release." Appellant's Br. 34. Here, Brunner's argument appears to be that because he has repeatedly violated the terms of his supervised release in the past, sentencing him to yet another term of supervised release would be ineffective at accomplishing

rehabilitative goals. We reject this argument. We note that in imposing its sentence, the District Court articulated a belief that Brunner "need[s] the intervention, the help, counseling," afforded by the conditions of his release to a half-way house, App. 143–44, and expressed a continued desire to have Brunner "transition into the community," *Id.* 147. Under such circumstances, the District Court's sentence of a five-year supervised release does not constitute a "manifest injustice" or "shock the conscience," and is therefore not substantively unreasonable. *United States v. Rigas,* 583 F.3d 108, 123–24 (2d Cir. 2009).

Separately, Brunner argues that Special Conditions Nos. 2 and 3 of his supervised release violate 18 U.S.C. § 3583(d) because they are not "reasonably related" to the 18 U.S.C. § 3553(a) sentencing factors the court must consider and involve a "greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). Again, we disagree. Condition No. 2 prohibits Brunner from "direct contact with any child [he] know[s] or reasonably should know to be under the age of 18, without permission of the probation officer." App. 160. Condition No. 3 prohibits him from "remain[ing] at any place, for the primary purpose of observing or contacting children under the age of 18, where [he] know[s] children under the age of 18 are likely to be." *Id.* The District Court clearly explained its rationale for imposing these conditions in its Appellate Review/Modification Order of February 26, 2020 (following this Court's review of the District Court's previous order of revocation of supervised release). The District Court noted Brunner's "prior sex offense," "his serious substance abuse issues," "his inability to comply with this Court's directives," and his "repeated incidents of lack of impulse control when under the influence of substances." App. 128–130. The District Court concluded that based on these factors "it is appropriate to limit Brunner's access to potential victims," App. 130, and Conditions Nos. 2 and 3 acceptably accomplish that. *See United States v. Johnson*, 446 F.3d 272, 281 (2d Cir. 2006) (restrictions on contact with minors are appropriate as conditions of supervised release and are generally read to exclude inadvertent contact); *United States v. Pabon*, 819 F.3d 26, 31 (1st Cir. 2016) (similar).

Brunner argues that his underlying SORNA conviction is administrative and not sexual in nature. But "a sex offender treatment condition may be reasonable even where the present offense is *not* sexual in nature." *Pabon*, 819 F.3d at 31. Brunner also argues that Condition No. 3 is vague and overbroad because it relies on a determination of what Brunner's "primary purpose" is for remaining in a location where minors are likely to be. Appellant's Br. 42. But "[i]t [is] not plain error to conclude that a person of 'common intelligence' could understand if they were going to a place for the primary purpose of observing children, as opposed to visiting a place where observing children is merely incidental to the primary purpose of the visit." *United States v. Robinson*, 815 F. App'x 583, 586 (2d Cir. 2020) (summary order) (quoting *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003)). In sum, we discern no error in the District Court's imposition of Conditions Nos. 2 and 3, much less plain error.

## CONCLUSION

We have reviewed all of the arguments raised by Brunner on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 30, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk