United States v. Leon

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2011

(Submitted: October 21, 2011     Decided: November 23, 2011)

Docket No. 10-4090

- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    Appellee,

          - v.-

JAMES LEON,

                    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - -x

     Before:          JACOBS, Chief Judge, WESLEY, Circuit
                      Judge, and SULLIVAN, District Judge.[*]

     Defendant appeals from a judgment of the United States

District Court for the Southern District of New York

following his plea of guilty to a violation of the

conditions of his supervised release.  Defendant argues that

_____

[*] The Honorable Richard J. Sullivan, of the United
States District Court for the Southern District of New York,
sitting by designation.

the district court exceeded its authority by imposing a post-revocation term of supervised release that extended beyond the end-date of the originally imposed term of supervision. In the alternative, he argues that the term of supervised release was a substantively unreasonable sentence.

STEVEN M. STATSINGER,
Federal Defenders of New York,
Inc., New York, NY, for
Appellant.

BRIAN R. BLAIS, JUSTIN S.
WEDDLE, *for* PREET BHARARA,
United States Attorney,
Southern District of New York,
New York, NY, for Appellee.

PER CURIAM:

James Leon appeals from a judgment entered in the United States District Court for the Southern District of New York (Kaplan, J.), following his plea of guilty to a violation of the conditions of his supervised release. The initial sentence of supervised release was 60 months; on revocation, he was sentenced to a new 60-month term: one month of the time served in prison pre-sentence, plus 59 months of supervised release. Leon argues that the district court exceeded its authority by imposing a post-revocation

2

term of supervised release that extended beyond the end-date of the originally imposed term of supervision.  In the alternative, he argues that the 59-month term of supervised release was a substantively unreasonable sentence.

Affirmed.

**BACKGROUND**

In 1994, James Leon pled guilty in the District of Minnesota to aiding and abetting the possession of cocaine with the intent to distribute and was sentenced to 192 months imprisonment to be followed by 60 months of supervised release.  After release from prison in May 2008, Leon's supervision was transferred to the Southern District of New York.  The term of supervision was scheduled to expire on May 1, 2013.

In early 2010, officers from the New York Police Department went to Leon's apartment to arrest him for possession of stolen goods.  Leon fled, and was never ultimately charged by state authorities.  Following this incident, however, Leon failed to report for a scheduled office visit with his probation officer on February 16, 2010.  After several unsuccessful attempts to contact him,

3

Leon was charged with failing to report to the Probation Office as directed, in violation of the conditions of his supervised release, and was arrested on August 24, 2010. He pled guilty to violating the conditions of his supervised release.

At Leon's sentencing, he sought leniency as the sole caregiver for an aged mother suffering from various ailments and disabilities. The Government recommended a prison sentence within the applicable Sentencing Guidelines range of 8 to 14 months. After soliciting the parties' views regarding the permissible length of supervised release that Leon could be ordered to serve following any imprisonment, the district court revoked Leon's 60-month term of supervised release and sentenced him to time served (approximately one month) to be followed by a term of supervised release of 59 months, on the same terms and conditions that governed his original term of supervised release. Leon moved for a correction of his sentence, which the district court denied. This appeal followed.

**DISCUSSION**

On appeal, Leon challenges the district court's imposition of a 59-month term of supervised release on two grounds: [1] that the court was not authorized to impose an additional term of supervised release that exceeded what remained of his original 60-month term of supervised release at the conclusion of his post-revocation imprisonment, and [2] that the term of supervised release imposed was substantively unreasonable.

**I**

Leon's new 59-month term of supervised release exceeded the end-date of his original 60-month term of supervised release. He argues that the sentence was therefore impermissible under Johnson v. United States, 529 U.S. 694 (2000).

In an appeal from a sentence, we review a district court's legal determinations de novo. See United States v. Kinney, 211 F.3d 13, 19 (2d Cir. 2000). A post-revocation sentence is governed by the law prevailing at the time of the defendant's original offense. Johnson, 529 U.S. at 700-

5

01. On September 13, 1994 (after Leon committed the underlying offense for which he initially received supervised release), Congress amended the supervised release statute to expressly permit courts to impose an additional term of supervised release following the revocation of an original term of supervised release. See 18 U.S.C. § 3583(h).[1] Johnson held that § 3583(h) did not apply retroactively, but that, even prior to its enactment, district courts had the authority to impose an additional term of supervised release to follow any post-revocation imprisonment by virtue of § 3583(e). Johnson, 529 U.S. at 713. That section permits a district court to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision, if it finds by a preponderance of the evidence

---

[1] Under 18 U.S.C. § 3583(h), "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Thus, the statute in its current form clearly permits district courts to impose a combination of post-revocation imprisonment and additional supervised release that is equal in duration to the authorized term of supervised release for the original offense.

that the person violated a condition of supervised release." *Id.* at 704 (quoting 18 U.S.C. § 3583(e)(3)).

Leon contends that this provision bears only upon the prison component of a post-revocation sentence, allowing the court to deny credit for time already served on supervised release in deciding the length of post-revocation *imprisonment*. Leon's argument on appeal is that any new post-revocation term of supervised release should have reflected a credit for the supervised release time he served under the initial sentence. However, the statute allows a court to sentence a defendant to serve only part of the original term of supervised release in prison and the rest (potentially the greater part of the term) through additional supervised release. The clear import of the statute is to deny credit with respect to the entire term of supervised release regardless of how the court allocates that term between imprisonment and additional supervised release.

Leon's approach seems to run counter to one of the purposes of release on supervision. Johnson referenced a Congressional intent "to use the district courts' discretionary judgment to allocate supervision to those

7

releasees who needed it most." Id. at 709. It reasoned that "forbidding the reimposition of supervised release after revocation and reimprisonment would be fundamentally contrary to that scheme" because a defendant's violation of the terms of his supervised release "tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." Id. In view of Johnson's expansive interpretation of district courts' statutory authority to impose additional supervised release following revocation in order to ease reintegration into society for those prisoners that violate the conditions of their release, we fail to see how the decision can be read to impose the limitation which the defendant seeks.

We join a number of other Circuits in rejecting the approach urged by Leon. See, e.g., United States v. Gresham, 325 F.3d 1262, 1268 (11th Cir. 2003) (holding that, under § 3583(e)(3), "a defendant is not entitled to credit for pre-revocation time served on supervised release"); United States v. Russell, 340 F.3d 450, 454 (7th Cir. 2003) (interpreting Johnson to mean that "a district court may,

upon revoking a term of supervised release under § 3583(e)(3), sentence a defendant to serve a combined term of reimprisonment and additional supervised release, so long as that sentence does not exceed the original term of supervised release").

## II

Leon also argues that even if the district court possessed the legal authority to impose it, a 59-month period of supervised release was substantively unreasonable. We review a district court's sentence for substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). We will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal

9

quotation marks omitted).  Thus, the substantive unreasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law."  United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

According to Leon, the sentence was substantively unreasonable because the district court's record findings do not support the need for a long period of supervised release, and instead operate to justify the imposition of a below-Guidelines term of imprisonment (time served of one month versus the 8-14 month Guidelines recommendation).  In explaining its sentence, the court primarily focused on sympathetic factors that counseled in favor of a below-Guidelines term of imprisonment, including the defendant's role as a caregiver for his elderly mother.  But the court also signaled distrust of Leon's use of liberty, citing his "idiocy" in severing all contact with the Probation Office after fleeing the NYPD.  District courts are permitted thus to "hedge against [a] relatively lenient term of imprisonment" by imposing a longer term of supervised

10

release.  See United States v. Rivera, 192 F.3d 81, 87-88 (2d Cir. 1999).  Leon had only recently begun the process of reintegrating into society after a lengthy prison sentence and had thus far proven incapable of complying with the terms of his supervised release.  The district court could therefore reasonably conclude that a relatively long term of supervised release was necessary to prevent recidivism in view of the lenient prison sentence it imposed.  The district court's decision to offset a short prison sentence with a long period of supervised release "is a matter of fine-tuning rather than inconsistency."  Id. at 88.  Because this is not an "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions," we find the district court did not abuse its discretion in imposing a 59-month term of supervised release.  See Cavera, 550 F.3d at 189 (internal quotation marks omitted).

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

11