**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4150**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JIMMIE WADE LEMASTER, JR.,

Defendant - Appellant.

_____

**No. 12-4151**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JIMMIE WADE LEMASTER, JR.,

Defendant - Appellant.

_____

**No. 12-4183**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JIMMIE WADE LEMASTER, JR.,

            Defendant - Appellant.

———————————

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington and Charleston.  John T. Copenhaver, Jr., District Judge.  (3:11-cr-00183-1; 2:07-cr-00064-1; 2:08-cr-00197-1)

———————————

Submitted:  June 11, 2012                    Decided:  June 18, 2012

———————————

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, Philip H. Wright, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jimmie Wade Lemaster, Jr., appeals the sentence imposed on his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and the terms of supervised release imposed after the court revoked two periods of supervised release upon finding that Lemaster violated the conditions. In a plea agreement, Lemaster agreed that a 110 month term of imprisonment was the appropriate disposition for the new conviction and the two supervised release violations. The district court sentenced Lemaster to 110 months' imprisonment and three years' supervised release for the new conviction and two concurrent terms of three years' supervised release for the supervised release violations. On appeal, Lemaster claims it was plain error for the court to impose the two terms of supervised release when it did not also impose a period of incarceration for either violation, citing 18 U.S.C. § 3583(h) (2006). Because we conclude that Lemaster's substantial rights were not affected and, even assuming he did establish plain error, we would not exercise our discretion to correct the error, we affirm.

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term

3

of supervised release after imprisonment." 18 U.S.C. § 3583(h); United States v. Winfield, 665 F.3d 107, 110 (4th Cir. 2012) ("under § 3583(h), a district court may require the defendant to serve an additional term of supervised release following re-incarceration"); United States v. Leon, 663 F.3d 552, 554 n.1 (2d Cir. 2011) ("the statute in its current form clearly permits district courts to impose a combination of post-revocation imprisonment and additional supervised release"), cert. denied, 132 S. Ct. 1777 (2012).

Because Lemaster did not object to the district court's sentence, our review is for plain error. To satisfy the plain error standard an appellant must show: "(1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Even if Lemaster satisfies these requirements, correction of the error lies within the court's discretion, if the court concludes that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 343 (internal quotation marks omitted). Lemaster bears the burden of establishing each of the elements of plain error review. Id.

We conclude that there was no plain error because Lemaster received the sentence he bargained for in the plea agreement. Lemaster argues that he may be prejudiced by the

4

sentence, if, in the future, he violates a condition of supervised release. Such speculation is insufficient to establish prejudice. See, e.g., Lane v. Williams, 455 U.S. 624, 633 n.13 (1982) (speculative claim by defendant that parole violations could affect a subsequent parole violation was rejected because defendant was "able — and indeed required by law — to prevent such a possibility from occurring"). Even if Lemaster did establish plain error, we would not exercise our discretion to correct the error because the sentence does not affect the fairness, integrity or public reputation of the proceedings.

Accordingly, we affirm the judgment of conviction, the orders revoking supervised release and the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED