13-1296-cr
United States v. Underhill

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand fourteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> > *Circuit Judges,*
> KIYO A. MATSUMOTO,
> > *District Judge.*[*]

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 13-1296-cr

MICHAEL UNDERHILL,

> *Defendant-Appellant.*

---

---

[*] The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

1

FOR APPELLANT:        Joseph Patten Brown, III, Law Offices of Pat Brown, West Hartford, CT.

FOR APPELLEE:        H. Gordon Hall, Assistant United States Attorney (Edward Chang, Assistant United States Attorney *of counsel*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

_____

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Underhill appeals from the district court's April 4, 2013 judgment that found him guilty of four violations of his previously-imposed term of supervised release and sentenced him to 48 months' imprisonment for those violations. The district court directed this sentence to run consecutively to a 60-month sentence the court imposed the same day as a result of Underhill's separate conviction for conspiracy to distribute crack cocaine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues on appeal.

Underhill first argues that the district court should have conducted a full voluntariness colloquy pursuant to Federal Rule of Criminal Procedure 11 before accepting his admissions to the supervised release violations. We have previously rejected an identical argument. *See United States v. Pelensky*, 129 F.3d 63, 67 (2d Cir. 1997) (holding that there is no "statutory or constitutional requirement of a voluntariness colloquy in [supervised release revocation] proceedings"). Although Underhill asks us to "reconsider" *Pelensky*, he has provided no permissible basis upon which we may do so. *See United States v. Wilkerson*, 361

2

F.3d 717, 732 (2d Cir. 2004) ("[W]e . . . are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court."). Indeed, we have consistently reaffirmed *Pelensky*'s holding. *See, e.g.*, *United States v. Carlton*, 442 F.3d 802, 807 (2d Cir. 2006) ("It is settled law that the full panoply of rights due a defendant in a criminal prosecution does not apply to revocation hearings for parole, for probation, or for supervised release . . .." (quotation marks omitted)). Accordingly, Underhill's first argument is without merit.

Underhill next argues that his 48-month consecutive sentence was substantively unreasonable given his acknowledgement of his criminal acts, expression of remorse, and the relevant 18 U.S.C. § 3553(a) factors. "The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005); *see also United States v. Verkhoglyad*, 516 F.3d 122, 127-28 (2d Cir. 2008). We review the substantive reasonableness of a sentence for abuse of discretion, and we will "'set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions.'" *United States v. Leon*, 663 F.3d 552, 556 (2d Cir. 2011) (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc)).

The district court's 48-month consecutive sentence fell well within the range of permissible decisions. The probation department, using the policy statements contained in Chapter 7 of the United States Sentencing Guidelines Manual, calculated Underhill's sentencing range on the supervised release violations as 46 to 57 months' imprisonment.

3

Underhill does not challenge this calculation on appeal, and the district court's 48-month sentence fell within the low end of that range. Moreover, the Guidelines recommend that a sentence imposed upon the revocation of supervised release should run "consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f) (policy statement). The district court fully considered Underhill's arguments in favor of running the sentences concurrently, *see* App'x at 64 (observing that defense counsel had made a "strong argument" in favor of a concurrent sentence), but opted for a consecutive sentence based on Underhill's repeated disregard of court orders. This was a proper basis for the district court's chosen sanction. *See United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2006) ("'[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" (quoting U.S.S.G. Chap. 7, Pt. A. 3(b)). Not only did Underhill flagrantly violate the conditions of his supervised release by distributing large quantities of narcotics and becoming involved in a high-speed car chase, he then later violated two additional court orders permitting him to remain on release pending the disposition of the charges arising from that incident. Under these circumstances, it cannot be said that the district court abused its discretion by ordering Underhill's sentence for the supervised release violations to run consecutively to his sentence on the conspiracy count.

We have considered all of Underhill's arguments and have concluded that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk