17-2038
United States v. Zehntner

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT: DENNIS JACOBS,
              CHRISTOPHER F. DRONEY,
                 Circuit Judges,
              MICHAEL P. SHEA,
                 District Judge.[1]

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                       17-2038

TODD A. ZEHNTNER
        Defendant-Appellant.

---

[1] Judge Michael P. Shea, of the United States District Court for the District of Connecticut, sitting by designation.

- - - - - - - - - - - - - - - - - - - -X

**FOR DEFENDANT-APPELLANT:**      MELISSA A. TUOHEY, Assistant Federal Public Defender, for Lisa A. Peebles, Federal Public Defender, Office of the Federal Public Defender; Syracuse, NY.

**FOR APPELLEE:**      CARINA H. SCHOENBERGER, Assistant United States Attorney, for Grant C. Jaquith, United States Attorney for the Northern District of New York; Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Todd Zehntner appeals a judgment entered on June 19, 2017 in the United States District Court for the Northern District of New York (McAvoy, J.) revoking his supervised release and sentencing him to time served (one day) and fifteen years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On June 22, 2006, Zehntner pleaded guilty pursuant to a plea agreement to one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). In his plea agreement, Zehntner admitted that he distributed two sexually explicit images of girls between the ages of 11 and 13 to an online forum. In addition, forensic analysis of his computer equipment revealed between 150 and 300 images and videos of child pornography. The district court sentenced Zehntner to a 36-month term of imprisonment, below the Guidelines policy statement range, and ten years' supervised release, in part because it had

2

not seen "a drop of evidence" that Zehntner had sexually harmed anyone or "acted out in any way" toward a child.  Gov't App'x 11.

In April 2017, the Probation Department sought a revocation hearing, alleging four violations of the terms and conditions of Zehntner's supervised release.  During the hearing, Zehntner admitted to: failing to truthfully answer questions from probation concerning his internet usage; having unauthorized contact with a minor at his place of work; accessing the internet without authorization or monitoring; and viewing (adult) pornography.  The district court concluded that Zehntner committed four grade C violations and had a criminal history category of I, yielding a Guidelines policy statement imprisonment range of three to nine months.  The court noted that the statutory maximum term of imprisonment was 24 months, and that the Court was authorized under the current version of 18 U.S.C. § 3583(k) to sentence Zehntner to a period of supervised release of five years to life.  See J. App'x 61-62.[2]  The district court then sentenced Zehntner to time served, amounting to one day's imprisonment, and a fifteen-year term of supervised release.

We review a sentence imposed for violating a condition of supervised release under "the same standard as for sentencing generally: whether the sentence imposed is reasonable."  United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005).  We "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and emphasis omitted).

"District courts are permitted . . . to hedge against a relatively lenient term of imprisonment by imposing a longer term of supervised release."  United States v. Leon, 663 F.3d 552, 556 (2d Cir. 2011) (internal quotation marks and alteration omitted).  The district court sentenced Zehntner to a single day of imprisonment, notwithstanding the Guidelines policy statement range of three to

---

[2] At the time of Zehntner's underlying offense, 18 U.S.C. § 3583(k) (2003) provided for supervised release for "any term of years or life."  The defense argued in the district court that a mandatory minimum term of five years was not required, but does not pursue this argument on appeal.  Br. of Appellant 10 n.5.

nine months.  Accordingly, the court acted within its discretion when it hedged that lenient prison term with a longer term of supervised release.

Zehntner argues that the district court failed to adequately account for mitigating factors in Zehntner's history and characteristics.  However, the record shows that the district court considered a supportive letter by Zehntner's employer, see Joint App'x 56, and commended Zehntner's efforts to comply with the conditions of his release, see Joint App'x 57, 70.  Zehntner argues that the district court ignored his successful completion of 225 sex offender treatment sessions; but the district court reasonably observed that despite completing this program, Zehntner continued to present "violation behaviors" and "exhibit impulsive behavior that presents a risk to the community."  J. App'x 62.

Zehntner also argues that the district court placed "unfair emphasis" on a polygraph questionnaire he completed in 2010.  Br. of Appellant 22.  In it, he admitted that before his federal conviction he had sexually abused ten different children between the ages of five and ten; he also admitted to trading in child pornography, acts of bestiality, making obscene phone calls, and spying on naked women.  The district court was unaware of this information at the original sentencing; so the sentence on the underlying offense did not accurately reflect the abuses he perpetrated, his culpability, or his dangerousness.  The district court reasonably considered the full range of Zehntner's history, characteristics, and the danger he posed to the community.

We conclude that Zehntner's sentence of time served and 15 years' supervised release is within the range of permissible decisions and was substantively reasonable.

We have considered Zehntner's remaining arguments and conclude that they are without merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4