**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4445**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TONY GENE FORRESTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Chief District Judge.  (4:12-cr-00012-RBS-TEM-1)

Submitted:  June 20, 2018                                    Decided:  July 6, 2018

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia Suzanne V. Katchmar, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Dee Mullarkey Sterling, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Gene Forrester appeals from his sentence imposed pursuant to the revocation of his supervised release. On appeal, Forrester contends that the district court considered inapplicable statutory factors when imposing the 24-month prison term and failed to properly calculate and provide an explanation for the 36-month term of supervised release. Finding no plain error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). We first consider whether the sentence imposed is procedurally and substantively reasonable, applying the same general considerations utilized in its evaluation of original criminal sentences. *Id.* at 438. In this initial inquiry, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly so." *Id.* at 657 (internal quotation marks omitted).

In addition, because Forrester did not challenge below the court's consideration of inapplicable statutory factors in setting the term of imprisonment and failed to argue below for a term of supervised release lower than three years, our review of these claims is for plain error. *United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010) (holding that plain error is proper standard of review for claim, raised for the first time on

2

appeal, that the district court committed substantive error by considering an improper sentencing factor); *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010) (ruling that, to preserve a claim of procedural error, defendant must draw arguments from § 3553 for a sentence different than the one ultimately imposed). Under the plain error standard, Forrester must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks omitted).

In fashioning an appropriate sentence, "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2016). The sentencing court also must consider some of the factors enumerated under 18 U.S.C. § 3553(a) (2012), though not the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439. We have recognized, however, that the § 3553(a)(2)(A) factors "are intertwined with the factors courts are expressly authorized to consider under § 3583(e)." *Webb*, 738 F.3d at 641-42 (collecting cases recognizing this enmeshment of the disfavored and the authorized factors). Thus, although the district court may not base a revocation sentence "predominately" on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence

3

procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Id.* at 642.

Forrester contends that the district court plainly erred by basing his sentence on the omitted statutory factors in § 3553(a). While the district court referred to the need for the sentence to reflect the seriousness of the offense and promote respect for the law, we determine that these factors were related to other considerations permissibly relied upon by the district court, e.g., the nature and circumstances of Forrester's offense and his history and characteristics under § 3553(a)(1). Furthermore, the court emphasized Forrester's breach of trust, when discussing Forrester's violation conduct, and noted the need for deterrence and protection of the public. The court also considered Forrester's need for medical treatment and education by directing that he receive medical attention, substance abuse treatment in prison, and continued education. Given the court's detailed consideration of all of the relevant mandatory sentencing factors, any mention of omitted factors did not render Forrester's sentence either plainly unreasonable or plainly erroneous.

Next, Forrester contends that the district court erred by failing to calculate the Policy Statement range for an additional term of supervised release and by failing to explain why the maximum term available was imposed. Forrester contends that, because USSG § 7B1.3(g)(2), p.s. is silent as to the length of an additional term of supervised release, the district court should have looked to other provisions in the Guidelines when determining the Guidelines range. However, USSG § 7B1.3(g)(2), p.s. is not silent. Instead, the Policy Statement provides that the district court "may" impose another term

of supervised release upon revocation not to "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Here, Forrester was subject to a maximum sentence of five years' imprisonment upon revocation. Accordingly, because Forrester was sentenced to two years in prison upon revocation, the court was permitted to sentence him to an additional three years, a term equal to the maximum five years of supervised release the court could have imposed for his original offense less the two years' imprisonment it imposed upon revocation of his supervised release. Thus, the maximum term was properly calculated by the district court.

The Policy Statement does not suggest a lower end to the range, but that does not mean that the court is required to find a lower end somewhere else in the Guidelines. Forrester points to USSG § 5D1.2(a)(1), which provides supervised release ranges for various offenses. However, in the revocation context, USSG § 7B1.3(g)(2), p.s. controls and does not reference a minimum suggested or required term and does not reference USSG § 5D1.2. Thus, the district court's calculation of only the maximum term of supervised release was proper.

Next, Forrester contends that the district court did not provide reasoning for imposing the maximum three-year term. However, the record shows that the court did provide reasons. First, the analysis of the relevant factors applied equally to the prison sentence and the term of supervised release. Next, the court noted that Forrester had indicated that he wanted to do better and that his probation officer had stated that

5

Forrester had the potential to be successful on supervised release. The court stated that it would give Forrester the opportunity to demonstrate that he could do better by imposing a term of supervised release. Moreover, because a three-year term of supervised release is not "shockingly high," it is within the range of substantively reasonable sentences. *See United States v. Leon*, 663 F.3d 552, 555-56 (2d Cir. 2011).

Thus, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*