18-1675-cr
*United States v. Burdick*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT: DENNIS JACOBS,
    ROBERT D. SACK,
    PETER W. HALL,
      *Circuit Judges*.

_____

United States of America,

    *Appellee*,

    v.            No. 18-1675-cr

Carl L. Burdick,

    *Defendant-Appellant*.

_____

For Appellant:                    MARTIN J. VOGELBAUM, Federal Public Defender's Office, Buffalo, NY

For Appellee:                     MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Carl L. Burdick appeals the May 24, 2018 judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) sentencing him to 240 months of imprisonment to be followed by ten years of supervised release and imposing several special conditions of supervision. Burdick pleaded guilty to transporting a minor in commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). The plea agreement stipulated that the defendant's Guidelines range would be 135 to 168 months of imprisonment, but the United States Probation Office ("Probation") later determined that the appropriate range was 235 to 293 months based upon the

2

application of additional sentencing enhancements. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Burdick first challenges the procedural reasonableness of his 240-month sentence, arguing that the district court erred by placing undue weight on the elevated Guidelines range. Our review for procedural or substantive reasonableness employs "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court commits procedural error if it "(1) fails to calculate the Guidelines range; (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory; (4) does not give proper consideration to the § 3553(a) factors; (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009) (internal citation omitted).

After Probation informed the parties of the new Guidelines range, the district court repeatedly indicated its preference that the parties execute a new plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) providing for a sentence of 168 months—in the middle of the original Guidelines range noted in the plea

3

agreement.  It appears undisputed from the record that, had the Assistant United States Attorney obtained permission to enter into a new Rule 11(c)(1)(C) agreement as the district court requested, the court would have accepted a plea agreement that required imposition of a 168-month sentence.

The parties did not reach that agreement, however, and the district court saw no reason to depart substantially from the new Guidelines range.  In imposing the 240-month sentence, J. App. 180–82, the district court emphasized Burdick's prior conviction for attempted child endangerment as well as the victim's age in the instant case and the manner in which Burdick took advantage of her, finding that Burdick's "predatory inclinations" warranted the chosen sentence.  The district court was well aware of these facts at the time it indicated its preference that the parties enter a new plea agreement providing for a 168-month sentence, and it is a fair question why the court afterward deemed 168 months insufficient; but we cannot say that the court abused its discretion when considering the same facts in the context of the updated guidelines range.  The court's comments during sentencing made clear that it was treating the Sentencing Guidelines as advisory, and that it believed that "[t]he nature of [the] offense . . . supports or points to the higher end of the guidelines."  J. App. 181.  And even

"in the absence of record evidence suggesting the contrary, we entertain a strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence[.]" *United States v. Fernandez*, 443 F.3d 19, 34–35 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

Burdick also challenges the substantive reasonableness of the ten-year term of supervised release imposed by the district court. We must "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) *(en banc)* (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). "We may consider 'whether a factor relied on by a sentencing court can bear the weight assigned to it under the totality of circumstances in the case,' but we will reverse the district court's decision only if the sentence imposed amounts to a 'manifest injustice or shocks the conscience.'" *United States v. Spoor*, 904 F.3d 141, 156 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 931 (2019) (first quoting *Cavera*, 550 F.3d at 191; and then quoting *Rigas*, 583 F.3d at 124) (internal ellipses and brackets omitted). This same standard of review applies to substantive reasonableness of the period of supervised release. *See*

*United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011) (*per curiam*). The Guidelines permit imposition of up to a lifetime of supervised release for sex offenses, *see* U.S.S.G. § 5D1.2(b)(2), and the district court did not abuse its discretion in selecting a lengthy term of supervision to ensure Burdick's incapacitation.

In addition, Burdick argues, *inter alia*, that the mandatory condition of computerized voice stress analyzer (CVSA), polygraph or other such testing is unreliable, not reasonably related to the goals of sentencing, and an impermissible delegation of judicial authority to Probation. He asserts that the unreliability of CVSA testing distinguishes it from polygraph testing, which this Court has upheld as a mandatory special condition of supervised release. *See United States v. Johnson*, 446 F.3d 272 (2d Cir. 2006). The government asserts that Burdick's challenge to this special condition is unripe because of the inevitability of forthcoming technological changes and because the district court indicated that it would revisit this condition upon Burdick's release. We agree. Burdick's contention that CVSAs do not carry the same candor-promoting legitimacy as polygraphs is subject to change with advances in the technology. Similarly, we find Burdick's overbreadth and vagueness challenges to the special condition mandating his participation in Probation's Computer and Internet Monitoring

6

Program to be unripe. The district court retains the discretion to remedy a potential ambiguity in the language of a special condition. *See* 18 U.S.C. § 3583(e); Fed. R. Crim. P. 32.1(c). Burdick's failure to object at his initial sentencing proceeding, therefore, does not infringe on the district court's discretion to modify the condition.

We have considered Burdick's remaining arguments and find them to be without merit. Accordingly, the case is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7