19-305-cr
*United States v. Quarterman*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty.

PRESENT:  JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
ROBERT D. SACK,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                                                   19-305-cr

v.

ALEXANDER QUARTERMAN,

*Defendant-Appellant.*

---

FOR APPELLEE:                Thomas R. Sutcliffe, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney, Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:      John S. Wallenstein, Law Office of John S. Wallenstein, Garden City, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 30, 2019, judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Alexander Quarterman ("Quarterman") appeals from a judgment revoking his term of supervised release, following a violation hearing, in which the District Court found by a preponderance of the evidence that Quarterman violated conditions of supervised release. The District Court sentenced Quarterman principally to imprisonment for 11 months, to be followed by 36 months of supervised release. On appeal, Quarterman challenges both the procedural and substantive reasonableness of his revocation sentence.

Specifically, Quarterman contends that the District Court committed procedural error by failing to explain adequately its reasons for the sentence imposed. Quarterman also argues that his additional 36-month sentence of supervised release is substantively unreasonable because he has proven to be unable to abide by conditions on his supervision. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (citation omitted). "We review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018) (citation omitted). "A district court commits procedural error where it . . . fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citation omitted). Our review of a sentence for substantive reasonableness is "particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citation omitted). We will set aside a sentence as substantively unreasonable only if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *Id.* (internal quotation marks and citation omitted).

In the circumstances presented, we find no procedural error in the District Court's revocation sentence because the District Court adequately explained the reasons for Quarterman's revocation sentence in open court. Specifically, the District Court explained that the revocation sentence was warranted because Quarterman had repeatedly failed drug tests; had "a history of an armed bank robbery with the use of a firearm," which was "worrisome" in light of his ongoing drug use; and continued to make "excuses" for the violations of his terms of supervised release. App'x at 34–35. These reasons are sufficient under our precedent. *See United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005) ("[A] court's statement of its reasons for going beyond non-binding *policy statements* in

imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from *guidelines*.") (emphases in original); *accord United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

Nor did the District Court err in considering Quarterman's prior conviction for armed robbery in revoking his term of supervised release. Rather than continue to punish Quarterman for his original conviction, the District Court properly explained that his prior armed-robbery conviction and ongoing drug use, in combination, supported the conclusion that Quarterman posed a "danger to the community" and that his term of supervised release should be revoked. App'x at 38; *see United States v. Williams*, 443 F.3d 35, 44, 47–48 (2d Cir. 2006) (explaining that the statute authorizing revocations of supervised release permits a trial judge to consider the seriousness of an offense to "protect[ ] the public from further crimes of the defendant"); *accord United States v. Burden*, 860 F.3d 45, 56–57 (2d Cir. 2017).

Finally, we also reject Quarterman's challenge to the substantive reasonableness of his revocation sentence as meritless. Far from suggesting that the additional term of supervised release is substantively unreasonable, Quarterman's ongoing failures to comply with his terms of release weigh in favor greater supervision. *See United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011) (stating that "a defendant's violation of the terms of his supervised release 'tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed'" (quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000)). Indeed, at the sentencing hearing, Quarterman specifically asked the District Court for continuing supervised release in order to "comply with the Court['s] recommendations" and participate in outpatient therapy. App'x at 30.

The imposed term of 36 months of supervised release "does not 'shock the conscience' or constitute a 'manifest injustice,' as it is not 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *Smith*, 949 F.3d at 67 (quoting *United States v. Rigas*, 583 F.3d 108, 123–24 (2d Cir. 2009)). In the circumstances presented here, we conclude that the sentence is manifestly not substantively unreasonable.

## CONCLUSION

We have reviewed all of the arguments raised by Quarterman on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 30, 2019, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3