21-1663
*United States v. Williams*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-two.

PRESENT:
>    RICHARD J. SULLIVAN,
>    WILLIAM J. NARDINI,
>    MYRNA PÉREZ,
>              *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

>              *Appellee,*

>    v.                                                   No. 21-1663

JIBREEL WILLIAMS

>              *Defendant-Appellant.*

———————————————————————————

FOR APPELLANT:                    Jay S. Ovsiovitch, Federal Public Defender's Office, Western District of New York, Rochester, NY.

FOR APPELLEE:                      Tiffany H. Lee, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jibreel Williams appeals from the district court's judgment imposing a sentence of eighteen months' imprisonment and three years' supervised release, following his violation of a previously imposed term of supervised release. On this appeal, Williams challenges only the three-year term of supervised release, which he argues is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the reasonableness of a sentence for a violation of the terms of supervised release under a deferential abuse-of-discretion standard. *See United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We will set aside a district

2

court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot be located within the range of permissible decisions," *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (citation and alteration omitted) – that is, where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). In "determining an appropriate sentence for violation of supervised release," a district court must "'consider' most of the factors listed in [18 U.S.C. §] 3553(a)," but is not required to include any particular recitation or "specific articulation" in explaining its decision. *United States v. Fleming*, 397 F.3d 95, 97, 99 (2d Cir. 2005) (quoting 18 U.S.C. § 3583(e)) (alteration omitted).

Applying this standard, we find that the three-year term of supervised release imposed by the district court was neither substantively unreasonable nor an abuse of discretion. The record reflects that the district court carefully "consider[ed]" the relevant sentencing factors, *id.* at 97 (quoting 18 U.S.C. § 3583(e)), noting that the selected terms of imprisonment and supervised release were "necessary to deter future criminal conduct and to protect the public, and to get [Williams] to understand that there are rules, and those rules need to be followed." J. App'x at 73. The district court also explained that leniency "would

be inappropriate" since it had given Williams "a break" with his original sentence, which was at the low end of the advisory Guidelines range, yet Williams violated the terms of his supervision shortly after his release. *Id.* at 73–74**.** "Because [Williams] had . . . betrayed the trust reflected in" his "lenient" original sentence, "the [district] court reasonably concluded that" an additional three-year term of supervised release "was warranted on his violation of" the original term of supervised release. *Verkhoglyad,* 516 F.3d at 130. In other words, the district court properly followed the "Sentencing Commission's policy statements emphasiz[ing] breach of trust" as a "critical factor in imposing sentence[s] for violation[s] of . . . supervised release." *Id.* (citing U.S.S.G. ch. 7, pt. A, intro. cmt. 3(b); *United States v. Sindima,* 488 F.3d 81, 86 (2d Cir. 2007)). Accordingly, there is no basis in the record to second-guess the sentence selected by the district court, to which we afford "particular" "deference" in recognition of a sentencing judge's "unique insights into both the circumstances that prompted the initial . . . sentence and the degree to which the violation [of supervised release] represents a serious betrayal of the court's trust and a risk of future criminal conduct." *Id.* at 136.

Williams's sole argument to the contrary is his assertion that "the

4

three[-]year term of supervised release" was unnecessarily long in light of *"the additional time for which [he] was imprisoned"* – i.e., given that "the [eighteen]-month term of imprisonment was imposed as if he was convicted [of] a Grade A violation" of supervised release, when he had only admitted to "a Grade C violation." Williams Br. at 11 (emphasis added). But as Williams himself concedes, the sentencing range for his term of imprisonment was set "in accordance with his plea agreement," *id.*, which he accepted "voluntarily and of [his] own free will," J. App'x at 36. In any event, this argument is "premised on a misunderstanding of the relationship between imprisonment and supervised release," which "are both designed to prevent recidivism." *United States v. Rivera*, 192 F.3d 81, 87 (2d Cir. 1999). That a relatively lengthy term of imprisonment is necessary to "prevent recidivism" would typically indicate that a relatively lengthy term of supervised release may *also* be necessary to "prevent recidivism" – not the opposite. *Id.* And while it is true that "[d]istrict courts are *permitted* . . . to hedge against a relatively lenient term of imprisonment by imposing a *longer* term of supervised release," we have never suggested – as Williams does here – that district courts are *required* to "offset" longer terms of imprisonment with *shorter* terms of supervised release. *United States v. Leon*, 663 F.3d 552, 556 (2d Cir.

5

2011) (emphasis added; internal quotation marks and alteration omitted).

In sum, the record indicates that the district court carefully and appropriately applied the applicable sentencing factors, *see Fleming*, 397 F.3d at 97, including the "degree to which [Williams's] violation represent[ed] a serious betrayal of the court's trust," *Verkhoglyad*, 516 F.3d at 136, before "impos[ing] a sentence" that it reasonably deemed to be "sufficient but not greater than necessary. . . to meet the purposes of sentencing," J. App'x at 75. We defer to that assessment and conclude that Williams's sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123.

We have considered Williams's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court