25-957 (L)
*United States v. Owens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand twenty-six.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,
> *Appellee,*

v.

THEODORE ROOSEVELT OWENS,
> *Defendant-Appellant.*[*]

25-957 (Lead);
25-971 (Con)

---

FOR APPELLEE:

DANIEL GEORGE (Elena Lalli Coronado, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT

FOR DEFENDANT-APPELLANT:

ANNE E. SILVER, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender for the District of Connecticut, Hartford, CT

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Williams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 10, 2025 judgment of the district court is **AFFIRMED**.

Defendant-Appellant Theodore Owens appeals from a judgment of the United States District Court for the District of Connecticut (Williams, *J.*) sentencing him principally to 12 months' imprisonment upon his admission to violating the terms of his supervised release.

On April 12, 2024, Owens began a term of supervised release after completing a term of imprisonment for his conviction of possession of a stolen firearm and conspiracy to transport stolen property. Owens admitted that he violated his terms of supervised release by using marijuana, cocaine, and fentanyl; lying to Probation about law-enforcement contact; leaving the state without authorization; failing to report to Probation as required; failing to follow his probation officer's instructions; and failing to attend his mental health treatment consistently. Owens was also arrested and charged for allegedly assaulting the mother of his child, and for larceny of a motor vehicle, but he did not admit to this conduct. Owens faced a Guidelines range of 3-to-9 months' imprisonment, but the district court imposed an above-Guidelines sentence of 12 months. U.S.S.G. § 7B1.4(a). Owens contends that his sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review a sentence for procedural and substantive reasonableness under a deferential abuse-of-discretion standard." *United States v. Castillo*, 896 F.3d 141, 148 (2d Cir. 2018) (quotation marks omitted). "The standard of review on the appeal of a sentence for violation of

2

supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

Owens contends that the district court committed procedural error by failing to consider the Guidelines when it imposed a 12-month sentence, by considering his state court arrests for unadmitted conduct, and by relying on an unproven theory of general deterrence to support its sentence. Owens raised the latter two objections, but not the first, at his revocation hearing. We thus review the district court's treatment of the prior arrests and general deterrence for abuse of discretion but review its consideration of the Guidelines for plain error. *United States v. Ramos*, 979 F.3d 994, 998 (2d Cir. 2020); *see also* Fed. R. Crim. P. 51(b).[1]

The district court is required to consider the applicable Guidelines range when sentencing a defendant to serve a term of imprisonment for a supervised release violation. 18 U.S.C. § 3583(e); *id.* § 3553(a)(4). It must also "explain enough about the sentence for a reviewing court both to understand it and to assure itself that the judge considered the principles enunciated in federal statutes and the Guidelines." *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013). Although the district court did not expressly calculate the Guidelines range at the beginning of the sentencing proceeding as it ordinarily should do, *see United States v. Preacely*, 628 F.3d 72, 79 (2d Cir. 2010), the record reflects that the court was aware of this range. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or

---

[1] The government contends that Owens waived any challenge to the procedural reasonableness of his sentence when he declined the district court's offer to provide additional briefing on the procedural infirmities he identified. This decision does not appear to have been tactical and, thus, is more accurately characterized as a forfeiture rather than a true waiver. *See United States v. Spruill*, 808 F.3d 585, 596 (2d Cir. 2015) ("[W]aiver can result only from a defendant's intentional decision not to assert a right"). While true waiver "will negate even plain error review," *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995), we have the discretion to review forfeited challenges for plain error, *see United States v. Phillips*, 155 F.4th 102, 116 (2d Cir. 2025).

misperception about their relevance, we will accept that the requisite consideration required by 18 U.S.C. § 3583(e) has occurred." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012) (alteration accepted). The violation report calculated the applicable Guidelines range, neither party disputed this calculation, and defense counsel also informed the district court of the applicable Guidelines range. We "will not assume, simply from the fact that the district court did not reference the [3-to-9 month] sentencing range . . . that it failed to satisfy its § 3553(a)(4)(B) obligation." *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008).

Owens's other two procedural objections fare no better. As to consideration of his arrests, Owens correctly notes that the district court could not consider the conduct underlying his arrests for unproven state crimes unless the government "establishe[d] that conduct by a preponderance of the evidence." *United States v. Aldeen*, 792 F.3d 247, 254 (2d Cir. 2015). But the district court repeatedly emphasized that "those allegations . . . were not considered by this Court at [the revocation] hearing." App'x at 120. The district court's reference to the fact of these arrests as background and as examples of what compliance with supervised release is meant to avoid, without considering the allegations underlying them, was not procedural error. *See United States v. Ortiz*, 742 F.2d 712, 714 n.3 (2d Cir. 1984) ("[W]hile a sentencing judge may not be able to consider a prior arrest that led to a dismissal as a conviction, the judge can still consider it as evidence of the defendant's background").

Moreover, the district court did not commit procedural error by considering general deterrence. The district court was required to consider the need for deterrence in imposing its sentence. 18 U.S.C. § 3583(e); *id.* § 3553(a)(2)(B). This includes consideration of specific and general deterrence. *See, e.g., United States v. Ceasar*, 10 F.4th 66, 87 (2d Cir. 2021) (vacating a sentence as unreasonably low where the district court failed to, among other things, adequately

4

consider the need to "deter criminal conduct of the defendant specifically and others generally"). It was not "utter nonsense" for the district court to consider the need for general deterrence in imposing its sentence. Appellant's Br. at 30. And the district court did not abuse its discretion regarding the "particular weight" it afforded to this factor. *See United States v. Guldi*, 141 F.4th 435, 451-52 (2d Cir. 2025).

Nor was the 12-month sentence substantively unreasonable. "We review a district court's sentence for substantive reasonableness under an abuse of discretion standard." *United States v. Leon*, 663 F.3d 552, 555 (2d Cir. 2011). "We will set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 556 (quotation marks omitted). If Owens had admitted to just one Grade C violation of supervised release, he would have faced the same Guidelines range of 3-to-9 months' imprisonment. U.S.S.G. § 7B1.4(a). But he admitted to seven counts, so his 12-month sentence—three months above the top of the Guidelines range—is well within the range of permissible decisions considering the "many, many ways" Owens violated his terms of supervised release. App'x at 118. The district court thus "support[ed] its decision to deviate from the Guidelines with a justification that is sufficiently compelling to support the degree of the variance." *United States v. Davis*, 82 F.4th 190, 202 (2d Cir. 2023) (quotation marks omitted).

\* \* \*

We have considered Owens's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5