19-3579-cr
*United States v. Craig Turner*


# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand and twenty.

PRESENT:  DENNY CHIN,
          JOSEPH F. BIANCO,
          STEVEN J. MENASHI,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

              v.                                    19-3579-cr

CRAIG TURNER,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLEE:                    Thomas R. Sutcliffe, Joshua R. Rosenthal,
                                 Assistant United States Attorneys, *for*
                                 Antoinette T. Bacon, Acting United States

                                        Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:        Melissa A. Tuohey, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Craig Turner appeals from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) entered October 24, 2019, revoking his supervised release and sentencing him to eight months' imprisonment and twenty-four months' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

## DISCUSSION

On appeal, Turner argues that the district court abused its discretion in its resentencing order because the imposition of an additional term of supervised release of twenty-four months was substantively unreasonable. For the reasons discussed below, we disagree.

In 2006, Turner pleaded guilty to one count of possession of a firearm after a felony conviction and one count of distributing and possessing with intent to

distribute a controlled substance. He was sentenced to 151 months' imprisonment and incarcerated until February 2016. Since his release, he has twice had his supervised release revoked due to probation violations. First, on December 19, 2018, the district court imposed a nine-month term of imprisonment and a twenty-four-month term of supervised release for a prior violation. Second, on October 23, 2019, Turner admitted to a second violation and the district court imposed the sentence that is the subject of this appeal. On appeal, Turner argues that the district court abused its discretion because the twenty-four-month term of supervised release is substantively unreasonable.

Courts are statutorily authorized to revoke supervised release after considering relevant sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to protect the public from further crimes of the defendant. 18 U.S.C. §§ 3553(a), 3583(e). If supervised release is revoked, then the district court may, as part of its new sentence, impose an additional term of supervised release to follow imprisonment. 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2). "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

We review a sentence following a supervised release violation using "the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Substantive reasonableness review requires "assess[ing] 'the length of the sentence imposed,'" *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (quoting *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007)), and the "district court's explanation of its sentence" in light of the § 3553(a) factors, *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015) (quoting *United States v. Gonzalez*, 529 F.3d 94, 98 (2d Cir. 2008)).

We have explained that the substantive unreasonableness standard is: (1) "deferential to district courts and provide[s] relief only in the proverbial 'rare case'"; (2) "highly contextual" and does not "permit easy repetition in successive cases"; and (3) "dependent on the informed intuition of the appellate panel" on review. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). This standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id.* In sum, the standard affords great deference to the district court's sentencing decision; "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008).

Considering the totality of the circumstances and in light of the deferential standard by which we review a district court's sentencing determination, we conclude that the sentence imposed here is not substantively unreasonable.

First, the term of supervised release imposed in this case—twenty-four months—did not exceed the terms of supervised release authorized for Turner's underlying convictions, which permit a term of supervised release from three years up to life. *See* 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2).[1] Additionally, considering the § 3553(a) factors and the district court's explanation of its reasoning, it is clear that the district court tailored the sentence to protect the public and ensure that Turner received sufficient support for his substance-abuse and mental-health issues upon his transition back into the community.

At the sentencing hearing, the district court considered Turner's repeated violations of his conditions of supervised release, several of which involved outbursts and physical aggression, prior to sentencing. In reviewing Turner's history and discussing Turner's most recent "violent outburst" in October 2019, the district court stated:

---

[1] Turner pleaded guilty to one count of possession of a firearm following a felony conviction, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2) (explaining that individuals who violate § 922(g) "shall be fined as provided in this title, imprisoned not more than 10 years, or both"), and one count of distributing and possessing with intent to distribute a controlled substance, *see* 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(C) (authorizing "a term of supervised release of at least 3 years" for offenders with no prior drug felony conviction).

[T]o be candid, it's a violent outburst. It wasn't expressing displeasure. A violent outburst is what occurred, and that's happened before with Mr. Turner. This is not the first time he's done this. . . . There's a long history here, as you are well aware. So it is something that Mr. Turner has to deal with. He does have emotional issues. No question about it. He does need treatment. No question about it. But even given that treatment and given incarceration, given direction, he's still having problems, and that's why he's here today. And the question the Court has to decide is what is appropriate under the circumstances now to protect him and protect others.

Appendix at 53-54.

After considering Turner's violent and disruptive actions and the need to protect the public, the district court determined that Turner "need[ed] some more time to straighten [him]self out" and emphasized that it wanted to "get [Turner] into some more intensive treatment" upon completing his prison sentence. Appendix at 54; 18 U.S.C. § 3553(a)(2)(C). The district court explained that the sentencing range was eight to fourteen months in prison, and it imposed the lowest carceral sentence in that range (eight months). The district court then sentenced Turner to two years of supervised release following his imprisonment. It required that Turner participate in substance-abuse and mental-health programs, as well as weekly drug testing.

The district court imposed "[a] relatively lenient term of imprisonment" accompanied by "a longer term of supervised release." *United States v. Leon*, 663 F.3d 552, 556 (2d Cir. 2011) (quotation marks omitted). Particularly considering the evidence of Turner's persistent noncompliance with his conditions of supervised release, the

district court reasonably concluded that this continued supervision was necessary to aid Turner's transition back into the community. *Id.* at 555-56; *see also United States v. Quarterman*, 800 F. App'x 56, 58 (2d Cir. 2020) (summary order) ("Far from suggesting that the additional term of supervised release is substantively unreasonable, [the defendant's] ongoing failures to comply with his terms of release weigh in favor [of] greater supervision.").

Here, there is no risk that allowing the sentence to stand "would . . . damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Rigas*, 583 F.3d at 123. We conclude that the district court did not abuse its discretion in imposing a twenty-four-month term of supervised release.

We have considered Turner's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk