24-1553-cr
*United States v. Samia*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

Present:
JOSÉ A. CABRANES,
MICHAEL H. PARK,
STEVEN J. MENASHI,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                      24-1553

ADAM SAMIA, AKA SAL, AKA ADAM SAMIC,

*Defendant-Appellant.*\*

---

FOR APPELLEE:                          Nicholas S. Bradley and Stephanie Simon, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:          Nicholas J. Pinto, New York, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Adam Samia appeals from the May 22, 2024 amended judgment of the United States District Court for the Southern District of New York (Abrams, *J.*) resentencing him principally to a term of 325 months' imprisonment. Samia was convicted of conspiracy to murder and kidnap in a foreign country, in violation of 18 U.S.C. § 956(a), after performing a murder for hire in the Philippines with his co-defendant Carl Stillwell on behalf of Paul Le Roux. *See Samia v. United States*, 599 U.S. 635, 640-41 (2023). On appeal, Samia challenges his sentence as procedurally and substantively unreasonable. He also argues that his counsel rendered ineffective assistance at sentencing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.       **Sentencing Challenge**

"We review the district court's sentencing decision for both procedural and substantive reasonableness." *United States v. Thompson*, 921 F.3d 82, 85 (2d Cir. 2019). "We assess both procedural and substantive reasonableness under an abuse of discretion standard." *United States v. Friedberg*, 558 F.3d 131, 133 (2d Cir. 2009). As relevant here, a district court commits procedural error "if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact. Moreover, a district court errs if it fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (internal citation omitted). "We will set aside a district court's *substantive* determination only in exceptional cases where the

2

trial court's decision cannot be located within the range of permissible decisions." *United States v. Leon*, 663 F.3d 552, 556 (2d Cir. 2011) (quotation marks omitted). A sentence is substantively unreasonable when it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (quotation marks omitted). When conducting substantive review, "we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. Although we do not presume that a within-Guidelines sentence is reasonable, it is "difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Darrah*, 132 F.4th 643, 653 (2d Cir. 2025) (quotation marks omitted). Samia did not raise his procedural objections to the sentence before the district court, so we properly review those objections for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). But we conclude that Samia's claims fail even under the ordinary abuse-of-discretion standard.[1]

Samia contends that the district court procedurally erred in its consideration of § 3553(a)(6), which requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Samia argues that the district court's comparison between him and Le Roux was problematic given Le Roux's greater culpability, and that the comparison between Samia and Stillwell overstated Samia's involvement in the conspiracy. We are not persuaded. Although § 3553(a)(6) "does not require a district court to consider disparities between co-defendants," *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008), it was not erroneous to draw these comparisons. Indeed, Samia

---

[1] We therefore reject Samia's contention that his counsel's failure to object prejudiced him by subjecting him to a more deferential standard of review on appeal.

compared himself to Le Roux and Stillwell in his sentencing submission. App'x at 131-32. Nor did the district court abuse its discretion in how it explained these sentencing discrepancies.

As to Le Roux, the district court did not abuse its discretion by imposing a longer sentence on Samia than Le Roux, the leader of the organization, because Le Roux cooperated with the government and pleaded guilty to different charges, unlike Samia who "did not cooperate at all" and "perjured himself at trial." App'x at 157. The sentencing statute expressly contemplates lower sentences for cooperating defendants, *see* 18 U.S.C. § 3553(e), and plea bargains "often result[] in individuals who accept a plea bargain receiving shorter sentences than other individuals who are less morally culpable but take a chance and go to trial," *Missouri v. Frye*, 566 U.S. 134, 144 (2012).

Nor did the district court abuse its discretion by finding Samia "undoubtedly more culpable than Mr. Stillwell in that he recruited Mr. Stillwell, he himself shot Ms. Lee, and his participation in the conspiracy predated Stillwell's and involved more extensive conduct." App'x at 157. Samia argues that his conduct was not "more extensive" than Stillwell's, but the record reflects that, following his initial work for Le Roux, between 2008 and 2012 Samia had several discussions with Le Roux's organization about performing a murder-for-hire. We see no abuse of discretion in the district court's determination that Samia's involvement in Le Roux's conspiracy included "more extensive conduct" than Stillwell's and warranted a longer sentence.

Nor did the district court abuse its discretion in how it compared Samia's sentence with other sentences imposed for premediated killing. The district court explained that "for offenses where the guidelines provision 2A1.1 [applicable to cases of premeditated killing] applies, the average length of imprisonment in this district from 2015 to 2023 was 221 months" with an "average supervised release period of 58 months." App'x at 158-59. Samia argues that his

sentence of 325 months was impermissibly longer than this. But the district court adequately explained the greater-than-average length: Samia's premediated killing "was committed for nothing more than money"; Samia "kept momentos of the crime [and] bragged about how it was easier to kill a person than a dog"; when he travelled to the Philippines for the murder "he did so with the goal of killing not just one, but four people"; and even after the murder he "continued to try and kill another person." *Id.* at 155. The district court did not abuse its discretion in imposing a longer-than-average (but below-Guidelines) sentence for a premediated murder.

Samia's argument that the district court procedurally erred because it failed to consider the remaining § 3553(a) factors is also unavailing. Samia argues that the district court did not consider the time that he spent in especially harsh conditions at MCC, MDC, and McCreary, or his efforts at rehabilitation or his health issues. We disagree. The district court explained that "if the nature and circumstances of the offense were the only factors [the district court] was required to consider, it would be hard to say that a life sentence wouldn't be appropriate." App'x at 155. But it also expressly "consider[ed] the harsh and deplorable conditions of confinement" that Samia faced. *Id.* at 157-58. And it agreed with Samia that the conditions warranted a shorter sentence because "time is harder" under harsher conditions. *Id.* at 153. The district court also "consider[ed] the fact that . . . [Samia] has had no disciplinary infractions in close to nine years while incarcerated, and has made significant efforts toward rehabilitation." *Id.* at 155-56. Lastly, the district court stated that it was "cognizant that [Samia] suffers from various health conditions." *Id.* at 158. We see no procedural error in the district court's consideration of the statutory factors.

Samia's challenge to the substantive reasonableness of his sentence fares no better. Samia argues that the district court assigned too much weight to the seriousness of his offense and

5

too little weight to mitigating factors such as his health, conditions of confinement, and efforts at rehabilitation. "The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Solis*, 18 F.4th 395, 405 (2d Cir. 2021). "[T]he district court gave careful consideration to all of the relevant factors here." *Id.* It noted that "Samia has no other criminal convictions, has had no disciplinary infractions . . . and has made significant efforts towards rehabilitation while incarcerated," while acknowledging the need to avoid sentencing disparities and Samia's "harsh and deplorable conditions of confinement." App'x at 155-57. Weighing these factors, the district court deviated from the Guidelines-recommended sentence of life and instead imposed a 325-month sentence. *Id.* at 158.

In sum, Samia's sentence is neither procedurally nor substantively unreasonable, and the district court did not abuse its discretion in imposing it.

## II. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Counsel's performance is deficient only when a defendant can show errors that are so serious that his attorney effectively did not function as constitutionally guaranteed 'counsel.'" *United States v. Bodnar*, 37 F.4th 833, 845 (2d Cir. 2022) (quoting *Strickland*, 466 U.S. at 687). "To establish prejudice, the defendant must show a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* This is a "heavy burden." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004).

6

When a defendant argues ineffective assistance on direct appeal, we may "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent [28 U.S.C.] § 2255 [motion]; (2) remand the claim to the district court for necessary fact-finding; or (3) decide the claim on the record before us." *United States v. Doe*, 365 F.3d 150, 152 (2d Cir. 2004) (alterations in original). "Our general approach is to decline to review ineffective assistance claims on direct review without prejudice to a defendant later raising them collaterally under 28 U.S.C. § 2255. . . . But we may decide these claims on direct appeal when[, as here,] the factual record is fully developed and resolution of the Sixth Amendment claim on direct appeal is beyond any doubt or in the interest of justice." *Bodnar*, 37 F.4th at 844-45 (quotation marks omitted).

Samia faults his counsel for not challenging the government's and the district court's characterization that he "was a member of the Le Roux organization for years, at least four years." Appellant's Br. at 28. Specifically, Samia argues that his counsel should have objected to clarify that, although Samia did work for Le Roux in 2008 and had "some communications" with Le Roux's organization in 2009 and 2010, this "was not one continuous four-year membership in the organization." *Id.* at 28-29. We disagree that it was an "objectively unreasonable" choice for counsel to concede this point rather than arguing that Samia was only a "contractor," as opposed to a "member," during the time that he was asking Le Roux for murder-for-hire jobs. Nor was Samia prejudiced by this choice. He argued for a lower sentence in his sentencing submission because of the "scope and sophistication" of Samia's "single crime," App'x at 132, and argued again at sentencing that his crime was less involved than Le Roux's, *id.* at 152. The district court was thus aware of Samia's argument, so there is no reasonable probability that it would have imposed a different sentence if Samia had objected to the characterization of him as a "member" of Le Roux's organization.

7

\*    \*    \*

We have considered the remainder of Samia's arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court